**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**                             **JUDGE EDMUND A. SARGUS, JR.**
                                                          **CASE NO. 2:19-CR-064**

    **v.**

**KIARA MITCHELL,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Termination of House Arrest (ECF No. 41), which is opposed by the Government (ECF No. 42). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

**I.**

The defendant used three false Social Security numbers to amass about $70,000 in debt and to hide her criminal record when applying for an apartment. She incurred $11,104 in debt to the home improvement store Lowe's, she financed two cars totaling about $52,000 within three months of each other in 2018, and she incurred $4,037 in debt to Sprint and AT&T. She committed these offenses while she was under community control from a theft case in state court. She continued to engage in this conduct even after pleading guilty, but before sentencing, in this case.

The guideline sentencing range for the defendant called for 18 to 24 months of imprisonment. The United States recommended a sentence of six months of imprisonment followed by six months of home detention. On March 10, 2020, the Court sentenced the defendant to a 3-year term of probation with 12 months of home detention.

## II.

On September 22, 2020, about six months into her sentence, the defendant moved for termination of the remainder of the term of her house arrest. She points out that even with the challenges that have come with living in the times of COVID-19 she has complied with the terms of her probation. She further contends:

> Miss Mitchell's mother is ill and now Miss Mitchell must try to take care of her Mother while at the same time, take care of her children and at the same time work full-time to pay her bills and additionally she must now make restitution payments of $200.00 per month. These aforementioned obligations require her to be on the go for upwards to 18 hours a day sometimes. . . .
>
> Additionally, Miss Mitchell is seeking newer and better employment and/or attempting to work more hours to have this case terminated in order for employers to consider her application and placement.

(Mot. at 2.)

The Government responds that "the defendant does not articulate exactly how the home detention prevents her from working or caring for her family." It continues that "[t]here no conflict between her participation in home detention and her other responsibilities, because the home detention program specifically contemplates 'approved absences for gainful employment, community service, religious services, medical care, educational or training programs, and such other times as may be specifically authorized.'" (Opp. at 2.) The Government further opposes the request, specifying:

> The defendant's criminal record does not support her request for leniency in this case. In 2014, the defendant punched another woman in a courthouse. (PSR ¶ 51). She was convicted of disorderly conduct. The next year, 2015, she was arrested for credit card fraud. (PSR ¶ 52). She was placed on community control beginning on April 10, 2017, but just nine days later, she was arrested for operating a vehicle while impaired. (PSR ¶ 53). In addition, while she was still under community control from the credit card case, she began committing the offense conduct that underlies this case. (PSR ¶ 56). She was ultimately terminated unsuccessfully from community control due to her OVI offense and her failure to maintain employment and complete community service. (PSR ¶ 52).

2

Id.  The Government's arguments are well taken.

This Court has shown the appropriate amount of leniency and is not inclined to provide any additional.  The Defendant's Motion for Termination of House Arrest, is therefore **DENIED**. (ECF No. 41).

**IT IS SO ORDERED.**


**10/5/2020**                                                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                                                                      **EDMUND A. SARGUS, JR.**
                                                                                                       **UNITED STATES DISTRICT JUDGE**